UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT DAWSON, | CASE NO. C21-1509JLR |
| Plaintiff, | ORDER |
| v. | |
| JOHN BAWDEN, et al., | |
| Defendants. | |

Before the court is Plaintiff Robert Dawson's motion for reconsideration of the court's March 18, 2022 order dismissing Defendant Oracle Life Solutions, LLC ("Oracle") without prejudice. (Mot. (Dkt. # 10); *see also* 3/18/22 Order (Dkt. # 9).) Mr. Dawson requests "an extension of time until May 1, 2022, for the parties to continue settlement discussions, or in the alternative investigate alternative service means for [Oracle]." (Mot. at 2.)

The court dismissed Oracle without prejudice based on Mr. Dawson's failure to respond to the court's prior show cause order with either proof of service on Oracle or

ORDER - 1

justification for his failure to timely complete service. (3/18/22 at 1-2; OSC (Dkt. # 7).) Mr. Dawson asserts in his motion that he "attempted service on [Oracle] on several occasions," but has been unsuccessful because, he believes, Oracle's registered agent "has been outside of the country since November 2021." (*See* Mot. at 2.) Mr. Dawson apparently intended to timely respond to the court's show cause order with an affidavit demonstrating his unsuccessful efforts to serve Oracle, but his counsel "inadvertently" failed to complete the filing. (*See id.*) Attached to Mr. Dawson's motion is an exhibit containing several "declarations of non-service" of the summons and complaint on Oracle, which show unsuccessful attempts to serve Oracle on November 14, 17, 18, and 20, 2021 and again on January 25, 2022. (*See id.* at 2 ¶ 5, Ex. A.)

"Motions for reconsideration are disfavored," and "the court will ordinarily deny such motions" unless the moving party shows (a) "manifest error in the prior ruling," or (b) "new facts or legal authority which could not have been brought to [the] attention [of the court] earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). Mr. Dawson does not argue that the court's prior order contained manifest error, and he presents no new facts or legal authority that could not have been brought to the court's attention earlier with reasonable diligence. (*See generally* Mot.; *id.*, Ex. A.) Indeed, he acknowledges that his counsel intended to file the very information he now submits in response to the court's show cause order. (*See id.*) Unlike other forms of relief available under the Federal Rules of Civil Procedure, negligence on the part of counsel does not provide a reason for the court to reconsider its order. *Compare* Fed. R. Civ. P. 60(b)(1)

//

ORDER - 2

1 | (allowing courts to grant relief from an order based on "mistake, inadvertence, surprise, or excusable neglect"), *with* Local Rules W.D. Wash. LCR 7(h)(1).

Accordingly, Mr. Dawson's motion for reconsideration (Dkt. # 10) is DENIED. The court further DIRECTS Mr. Dawson to file a motion for relief under Federal Rule of Civil Procedure 60(b) within fifteen (15) days of the date of this order.

Dated this 23rd day of March, 2022.

JAMES L. ROBART
United States District Judge